IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERREL JOHON PRUITT,

                Petitioner,

v.

MATTHEW MARSKE,

                Respondent.

OPINION and ORDER

20-cv-853-jdp

---

Derrel Johon Pruitt, appearing pro se, is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. Pruitt has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Pruitt was convicted in 2013 of two counts of Hobbs Act robbery, 18 U.S.C. § 1951(a), and one count of using or carrying a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c). No. 13-cr-13-DSD (D. Minn). Pruitt challenges his conviction under § 924(c) on the ground that his Hobbs Act robberies are no longer crimes of violence under *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the United States Supreme Court held that the "residual clause" of the provision defining crimes of violence, § 924(c)(3)(B), is unconstitutionally vague.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, a district court will dismiss the petition only if it plainly appears that the petitioner is not entitled to relief. I will dismiss the petition because binding precedent forecloses Pruitt's claim.

Federal prisoners generally must challenge their convictions under 28 U.S.C. § 2255 in the district court in which they were convicted. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.

2013). Pruitt has already unsuccessfully challenged his conviction on similar grounds using § 2255. *United States v. Pruitt*, 2016 WL 6601642 (D. Minn. Nov. 7, 2016); *Pruitt v. United States*, No. 20-1164 (8th Cir. June 23, 2020) (denying leave to file successive § 2255 motion). If § 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner may instead challenge the conviction under § 2241. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To invoke the § 2255(e) savings clause and proceed under § 2241, a petitioner must: (1) be relying on a new case of statutory interpretation; (2) show that the new rule applies retroactively and couldn't have been invoked in the first § 2255 motion; and (3) show that the error is "grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Light v. Caraway*, 761 F.3d 809, 812–14 (7th Cir. 2014); *In Re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998).

Pruitt's petition does not meet this standard because his conviction was not a miscarriage of justice. The courts of appeals for both the Seventh and Eighth Circuits have concluded that Hobbs Act robberies qualify as crimes of violence under the "elements clause" of the crime-of-violence definition, § 924(c)(3)(A), because § 1951(b)(1) defines robbery as taking or obtaining property from another "by means of actual or threatened force, violence, or fear of injury, immediate or future, to his person or property." *See, e.g., United States v. McHaney*, No. 20-1690, 2021 WL 2410685, at *2 (7th Cir. June 14, 2021) ("we have held time and again that Hobbs Act robbery qualifies as a crime of violence under the elements clause . . . because it entails the use or threat of force."); *Diaz v. United States*, 863 F.3d 781, 783 (8th Cir. 2017) (Diaz argues that Hobbs Act Robbery does not qualify as a crime of violence under § 924(c)(3)(A). We reject that contention."). Pruitt's § 924(c) conviction does

2

not depend on the unconstitutionally vague residual clause in § 924(c)(3)(B), so he is not entitled to relief under § 2241.

ORDER

IT IS ORDERED that:

1. Petitioner Derrel Johon Pruitt's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered June 21, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge